UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED
2009 SEP 22 PM 2
CLERK
FOR THE NORTHERN DISTRICT
OF INDIANA DISTRICT

LARRY CREE,                              )
                                         )
           PLAINTIFF,                    )
                                         )
    v.                                   )CAUSE NO:
                                         )
TYSON FOODS, INC., a/k/a TYSON           )    3 :09C    440
FRESH MEATS, INC.                        )
                                         )
           DEFENDANT,                    )
                                         )
                                         )

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THE CASE

1.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. section 2000 et seq., 1981a.  The Plaintiff, Larry Cree (hereinafter "Cree" or

"Plaintiff"), alleges that the Defendant, Tyson Foods, Inc., a/k/a Tyson Fresh Meats, Inc.

(hereinafter "Defendant"), violated his rights as protected by Title VII of the Civil Rights Act

of 1964 ("Title VII"), as amended, and 42 U.S.C. § 1981 ("Section 1981").


### II. JURISDICTION AND VENUE

2.      This court has jurisdiction over the subject matter of this case pursuant to 42

U.S.C. § 2000(e)(5), as amended and Section 1981.

3.      The Plaintiff satisfied his statutory obligation to exhaust his administrative

remedies by filing timely charges of discrimination, Charge Number 240-2009-00264 against his

employer with the Equal Employment Opportunity Commission ("EEOC") and received an

appropriate Right to Sue Notice.

4.      Plaintiff brings this action for race, national origin and ethnicity discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e and 42 U.S.C. § 1981 ("Section 1981").

5.      Defendant, Tyson Foods, Inc. is a corporation doing business in the Northern District of Indiana.

6.      Defendant, Tyson Foods, Inc, is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

7.      Plaintiff, at the time of his termination, was an "employee" as that term is defined 42 U.S.C. § 2000e(f).

8.      All facts, events, and transactions giving rise to this lawsuit having occurred in the federal district court in the Northern District of Indiana, venue is proper in this court.

### III.  FACTUAL ALLEGATIONS

9.      Plaintiff, Larry J. Cree (Caucasian American), was hired by Defendant on or about November 17, 2003.

10.     At all relevant times, Cree's work performance has met or exceeded Defendant's legitimate expectations.

11.     On September 3, 2008, Defendant terminated Cree.  Defendant's stated reason for terminating Cree was that Cree had committed an animal handling violation.  Defendant's reason for terminating Cree is pretextual.

12.     Cree was terminated due to his race, ethnicity and/or national origin. Defendant has refused to discipline similarly situated Hispanic employees.

2

13.    Specifically, such Hispanic employees include, but are not limited to, A. Botello and Nelson Neito.  Both of these Hispanic employees committed animal handling violations yet were not terminated by Defendant.

14.    Moreover, Cree did not violate any policies and/or procedures of Defendant which would warrant termination.

15.    Additionally, Cree, unlike similarly situated Hispanic employees, was not provided progressive discipline.

16.    Cree has been held to higher standards and has been placed under a management microscope unlike similarly situated Hispanic employees of Defendant.

17.    Defendant's actions against Cree constitutes discrimination based on race and/or ethnicity because similarly situated non-whites are not subjected to the same treatment and/or requirements by Defendant.

18.    Defendant unlawfully discriminated against Cree with regards to the terms and conditions of his employment unlike similarly situated Hispanic employees.  This includes, but is not limited to, shift transfer requests.

19.    Defendant has violated Cree's rights as they are protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et. seq., and 1981a.

20.    Cree has suffered emotionally and economically as a result of Defendant's actions.

## IV.  LEGAL CLAIMS

## COUNT I:  TITLE VII - Race, Ethnicity and National Origin Discrimination

21.    Cree hereby incorporates paragraphs 1-20 of his Complaint.

3

22.     Defendant's adverse employment actions against Cree were in violation of his statutorily-protected rights.

23.     Defendant intentionally and unlawfully discharged Cree on September 3, 2008.

24.     Defendant unlawfully discriminated against Plaintiff with regard to the terms and conditions of his employment unlike similarly situated Hispanic employees.

25.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Dixon's rights as protected by Title VII.

26.     Cree has suffered emotionally and economically as a result of Defendant's actions.

### COUNT II:  SECTION 1981-Race, Ethnicity, and National Origin Discrimination

27.     Cree hereby incorporates paragraphs 1-26 of her Complaint.

28.     Cree and Defendant had an employment relationship that was contractual in nature.

29.     Defendant's actions toward Cree violated his statutorily-protected rights.

30.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Cree's rights as protected by Section 1981.

### V.  RELIEF

**WHEREFORE**, Plaintiff, Larry Cree, prays that the Court enter judgement in his favor and:

1.     Order payment of all backpay , including all benefits to  which he was entitled absent Defendant's unlawful action, including but not limited to pay increases;

2.     Order payment of unpaid wages;

4

3.     Order payment of compensatory damages;

4.     Order payment of punitive damages;

5.     Order payment of Plaintiff's attorney fees and costs;

6.     Injunctive and declaratory relief;

7.     Order payment of pre- and post-judgment interest; and

8.     Order all other relief deemed available and as is just and proper as determined by
       this Court.

Respectfully submitted,

Denise K. LaRue, No. 4877-49

Ryan C. Fox, No. 21631-49

HASKIN & LaRUE, LLP
255 North Alabama Street
Second Floor
Indianapolis, IN 46204
(317) 955-9500
(317) 955-2570 fax
dlarue@hlllaw.com
rfox@hlllaw.com
Attorneys for Plaintiff, Larry J. Cree

## DEMAND FOR JURY TRIAL

Plaintiff, Larry J. Cree, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

Denise K. LaRue, No. 4877-49
Ryan C. Fox, No. 21631-49

HASKIN & LaRUE, LLP
255 North Alabama Street
Second Floor
Indianapolis, IN 46204
(317) 955-9500
(317) 955-2570 fax
dlarue@hlllaw.com
rfox@hlllaw.com
Attorneys for Plaintiff, Larry J. Cree

6